IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

v.                                                   Criminal Case No.  2:09-cr-00251-4

**ALBERT E. GUNGA,**
        **Defendant.**

### SENTENCING MEMORANDUM OF
### DEFENDANT ALBERT E. GUNGA

NOW COMES the Defendant Albert E. Gunga by undersigned Counsel and submits this Sentencing Memorandum for consideration of the Court in sentencing.

### Introduction

On May 24, 2010 the Defendant pled guilty before this Court to Count Eight of the Indictment, Conspiracy to Commit Money Laundering Offenses, in violation of 18 U.S.C. § 1956 and 1957.  The Defendant plead guilty without the benefit of a plea agreement with the United States.

### Objections and Corrections to Presentence Investigation Report

The first draft of the presentence investigation report was prepared and provided to the parties on July 8, 2010.  The Defendant filed corrections to the presentence report.  Statements given by the Defendants in Counts I-VII differ with respect to the particular details of events.  The Defendant objected and made corrections because, in his view, they are not factually accurate.  It appears that there is no one narrative version of events in this case upon which all defendants can agree or which can be clearly established by the evidence.  The Defendant does not seek to have the Court actually rule on these matters.  The proposed corrections do not effect the Defendant's advisory guideline range.

<u>Offense Level Computation</u>

As calculated by the probation officer, the Defendant has a Total Offense Level of 12 with his Criminal History Category of I, which yields sentencing guidelines of 10 to 16 months.

<u>18 U.S.C. § 3553(a) Factors</u>

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Albert Gunga's criminal history is almost non-existent. It should also be pointed out that Mr. Gunga was not in any way involved in or knowledgeable about the actual source of the money in this case. At the time Mr. Gunga became involved, the money had already been stolen from the State of West Virginia and arrived in Minnesota and Mr. Gunga had no involvement in that theft and did not even know the origin of the money. Mr. Gunga did, however, know the money was the result of some sort of criminal enterprise or activity. Defendant Gunga's total involvement in this case was depositing funds totaling $42,531.44 into his bank account, a part of which was sent to Kenya.

**The need for the sentence to reflect the seriousness of the offense,
to promote respect for the law, and to provide just punishment for the offense.**

A sentence at the low end of the advisory range will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Mr. Gunga has no significant criminal history.

**The need for the sentence to protect the
public from further crimes of the defendant.**

Based on Mr. Gunga's past criminal history, his cooperation with the investigation in the instant case, and his behavior since his initial arrest, he is not likely to commit additional crime, nor is he a danger to the community.

**The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**.

A sentence at the low end of the advisory guideline range will still afford adequate deterrence to criminal conduct.  Please see the PSR.

**The kinds of sentences available.**

Please see the PSR.

**The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.**

Please see the PSR.

**Any pertinent policy statements.**

None.

**The need to avoid unwarranted sentence disparities amount defendants with similar records who have been found guilty of similar conduct.**

A sentence at the low end of the advisory guideline range will avoid such disparities.

**The record to provide restitution to any victims of the offense.**

N/A.

In conclusion, the factors under 18 U.S.C. § 3553(a) warrant a sentence at the lower end of the advisory guideline range for Albert Gunga.

**RESPECTFULLY SUBMITTED,**
**Albert Gunga, By Counsel**

       /s/ L. Thompson Price
L. Thompson Price, WV State Bar ID # 7011
209 West Washington Street, Suite 300
Charleston, WV 25302
Phone: 304-343-7501 / Fax: 304-343-7505

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL CASE NUMBER: 2:09-cr-00251-4

ALBERT E. GUNGA

        Defendant.

## CERTIFICATE OF SERVICE

I, L. Thompson Price, counsel for Defendant, Albert E. Gunga, do hereby certify that on August 24, 2010 I electronically filed the foregoing **SENTENCING MEMORANDUM OF DEFENDANT ALBERT E. GUNGA** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following CMIECF participants:

Susan Robinson
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326-1713


        ss / L. Thompson Price
        By: L Thompson Price, his Counsel
        WV State Bar ID # 7011